# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS EPPERSON, JR., | CASE NO. 1:10-cv-01268–BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES D. HARTLEY, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Curtis Epperson, Jr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint, filed July 15, 2010.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Complaint Allegation

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Avenal State Prison ("ASP"). According to records from 1996, Plaintiff was denied visits from his ex-wife while he was housed at California Mens' Colony for threatening to kill his her and her children and attacking her with a hammer. Plaintiff is currently serving a thirteen year sentence following his entering into a plea agreement for Corporal Injury to Spouse and Criminal Threats. Plaintiff was arrested on October 15, 2005, for forcible rape, forcible oral copulation, and criminal threats. (Compl. 25,[1] ECF No. 1.)

On March 20, 2008, Plaintiff was advised that his ex-wife was denied visiting privileges at ASP based upon the restriction that was set in place following his conviction in 1996. Plaintiff filed an inmate appeal because he and his ex-wife have now reconciled and want to remarry while Plaintiff is in prison. Plaintiff brings this action against Defendants James D. Hartley, A. Guzman, and T. Emigh for Cruel and Unusual Punishment in violation of the Eighth and violations of the Due Process Clause and Equal Protection under the Fourteenth Amendments. Plaintiff alleges that he

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

is being denied visits with his ex-wife in violation of California Code of Regulations, Title 15 Sections 3176.4(e),[2] 3291(a),[3] and 3380(a),[4] and the DOM relating to visiting procedures.

Plaintiff alleges that Defendant Hartley should have knowledge because his staff at ASP review all inmate appeals. Defendants Hartley, Guzman and Emigh failed to enforce the visiting procedures. Plaintiff is seeking declaratory judgment, and punitive and compensatory damages.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.    Discussion**

   **A.    Eighth Amendment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Plaintiff has failed to set forth facts to show that he was at a substantial risk of serious harm to his health or safety due to the failure to allow visitation with his ex-wife. Additionally, the Court

---

[2] Section 3176.4 deals with restriction, revocation, or suspension of an inmate's visits for disciplinary reasons. Plaintiff's visitation was not denied for a disciplinary reason and this section is not relevant.

[3] Section 3291(a) sets forth law enforcement responsibility to enforce the laws, regulations, and procedures that govern the actions and activities of inmates, parolees and of persons who come into contact with them.

[4] Section 3380(a) states that the warden is responsible for the custody, treatment, training and discipline of all inmates.

notes that Plaintiff includes cards and a declaration from his ex-wife in his complaint. Plaintiff has not been denied all contact with his ex-wife, just contact that the prison has found would create a risk of violence. Plaintiff has failed to state a cognizable claim under the Eighth Amendment.

### B. Due Process

Plaintiff's due process claim fails to state a cognizable claim. In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). While prisoners retain those rights that are not inconsistent with their prisoner status or with the legitimate penological objections of the correctional system, the Due Process Clause does not guarantee the right to family visits. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61, 109 S. Ct. 1904 (1989) overruled on other grounds by, Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin, 515 U.S. at 480, 115 S. Ct. at 2298 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

#### 1. Visitation

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010); see also Overton v. Bazzetta, 539 U.S. 126, 123 S. Ct. 2162 (2003) (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). A denial of access to a particular visitor is well within the terms of confinement contemplated by a prison sentence. Dunn, 621 F.3d at 1201. The inability to visit with family is an ordinary incident of prison life. Toussaint v. McCarthy, 801 F.2d 1080, 114 (9th Cir. 1986) (observing that denial of contact visits "is part of the penalty that criminal pay for their offenses against society.") overruled on other grounds by Sandin, 515 U.S. 472, 115 S. Ct. 2293.

Additionally, in response to Plaintiff's appeal, the findings indicate that "[a]t the institution level of review, consideration was given to the amount of security the institution could provide and the matter referred to the ICC for further review." After a review it was determined that Plaintiff had a history of serious mental and physical abuse of his ex-wife and the institution would not be able to ensure that further abuse would not occur. The risk was determined to be substantial. (Compl. 25, ECF No. 1.) The denial of visits with the individual who was the victim of Plaintiff's commitment offense would not impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life and fails to state a cognizable due process claim. Keenan v. Hall, 83 F.3d 1083, 1088.

### 2.   Marriage

While prisoners retain the right to marry, the right "is subject to substantial restrictions as a result of incarceration." Turner, 482 U.S. at 95, 107 S. Ct. at 2265; Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002). Prison regulations impacting the right to marry must be reasonably related to a legitimate penological interest. Turner, 482 U.S. at 89-90, 107 S. Ct. at 2262.

Plaintiff attempts to assert claims against Defendants based upon their supervisory positions by alleging that staff reviewed his grievances or that Defendants failed to enforce visiting procedures. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948.

While Plaintiff alleges that he is unable to remarry, he fails to set forth sufficient allegations to show that any named defendant personally participated in the denial of the right. Jones, 297 F.3d at 934. Plaintiff's conclusory allegation that he has been denied the right to marry is insufficient to state a cognizable claim.

### C.   Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing

that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's conclusory allegations of unequal treatment are insufficient to state a cognizable claim. Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates.

### D. Prison Regulations

There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

### E. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Plaintiff's rights were violated is unnecessary, and, if Plaintiff is able to state a cognizable claim, this action shall proceed as one for money damages only.

///

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 15, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

7

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   November 21, 2011                      /s/ **Barbara A. McAuliffe**
                                                           UNITED STATES MAGISTRATE JUDGE