# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS EPPERSON, JR., | CASE NO. 1:10-cv-01268–BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES D. HARTLEY, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

## I.    Screening Requirement

Plaintiff Curtis Epperson, Jr. is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 22, 2011, an order issued dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim.  (ECF No. 9.) Plaintiff filed a first amended complaint on December 15, 2011.  (ECF No. 10.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1

1  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

2  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

3  544, 555, 127 S. Ct. 1955 (2007)).

4          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

5  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

6  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

7  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

8  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

9  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

10  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

11  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

12  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

13  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

14  **II.    Complaint Allegations**

15          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

16  is incarcerated at Avenal State Prison. Plaintiff brings this action against Defendants James D.

17  Hartley, T. Emigh, and A. Guzman, in their official capacities, for a visiting restriction that he

18  alleges violates the Eighth and Fourteenth Amendments.

19          Defendant Guzman interviewed Plaintiff and denied his grievance at the first and second

20  levels regarding a restriction that does not allow him to have visits with his ex-wife. At the third

21  level of appeal, Defendants Guzman and Emigh interviewed Plaintiff and his appeal was denied

22  without setting a time for the visiting restriction to terminate. Plaintiff alleges that the visiting

23  restriction prevents him from remarrying his ex-wife in violation of due process and equal

24  protection.[1]

25  _____

26          [1]The court takes judicial notice of the facts pled in Plaintiff's original complaint regarding the visiting
restriction imposed by prison officials. According to records from 1996, Plaintiff was denied visits from his ex-wife

27  while he was housed at California Mens' Colony for threatening to kill her and her children and attacking her with a
hammer. Plaintiff is currently serving a thirteen year sentence following his entering into a plea agreement for

28  Corporal Injury to Spouse and Criminal Threats. Plaintiff was arrested on October 15, 2005, for forcible rape,
forcible oral copulation, and criminal threats. (Compl. 25, ECF No. 1.)

1  Although Plaintiff was previously provided with the legal standards that apply to his claim,

2  he has failed to correct the deficiencies identified in the screening order issued November 22, 2011.

3  **III.   Discussion**

4  **A.   Eighth Amendment**

5  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

6  conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452

7  U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment

8  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of

9  life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"

10 <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d 732,

11 744 (9th Cir. 2002) (citation omitted)).

12 To prove a violation of the Eighth Amendment,  the plaintiff must "objectively show that he

13 was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation

14 occurred with deliberate indifference to the inmate's health or safety." <u>Thomas v. Ponder</u>, 611 F.3d

15 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that

16 "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and

17 that there was no "reasonable justification for the deprivation, in spite of that risk." <u>Id.</u> (quoting

18 <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 844 (1994)).

19 Plaintiff's allegation that he is unable to visit with his ex-wife fails to rise to the level of an

20 Eighth Amendment violation.  Plaintiff has not shown that he is at a substantial risk of serious harm

21 to his health or safety due to the failure to allow visitation with his ex-wife.  <u>Thomas</u>, 611 F.3d at

22 1150.  Additionally, Plaintiff is being denied visitation because his ex-wife is the victim in his

23 commitment offense.  In response to Plaintiff's inmate appeal, the findings indicate that "[a]t the

24 institution level of review, consideration was given to the amount of security the institution could

25 provide and the matter referred to the ICC for further review." (Compl. 25, ECF No. 1.)  After a

26 review it was determined that Plaintiff had a history of serious mental and physical abuse of his ex-

28

wife and the institution would not be able to ensure that further abuse would not occur. The risk was determined to be substantial. (Id.) Therefore, there is a reasonable justification for denying Plaintiff visitation with his ex-wife. Plaintiff has failed to state a cognizable claim for a violation of the Eighth Amendment.

### B.    Equal Protection

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Plaintiff's conclusory allegations of unequal treatment are insufficient to state a cognizable claim. Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates. Lee, 250 F.3d at 686. Additionally, as discussed above, there is a legitimate state purpose for the visiting restriction based upon the allegations included in Plaintiff's complaint that his commitment offense is for his attack upon his ex-wife. Village of Willowbrook, 528 U.S. at 564.

### C.    Due Process

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). While prisoners retain those rights that are not inconsistent with their prisoner status or with the legitimate penological objections of the correctional system, the Due Process Clause does not guarantee the right to family visits. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61, 109 S. Ct. 1904 (1989) overruled on other grounds by, Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin, 515 U.S.

at 480, 115 S. Ct. at 2298 (1995).  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

### 1.   **Visitation**

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010); see also Overton v. Bazzetta, 539 U.S. 126, 123 S. Ct. 2162 (2003) (upholding two year ban on visitation); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family).  A denial of access to a particular visitor is well within the terms of confinement contemplated by a prison sentence. Dunn, 621 F.3d at 1201.  The inability to visit with family is an ordinary incident of prison life. Toussaint v. McCarthy, 801 F.2d 1080, 114 (9th Cir. 1986) (observing that denial of contact visits "is part of the penalty that criminal pay for their offenses against society.") overruled on other grounds by Sandin, 515 U.S. 472, 115 S. Ct. 2293.

The denial of visits with the individual who was the victim of Plaintiff's commitment offense would not impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life and fails to state a cognizable due process claim. Keenan, 83 F.3d at 1088.

### 2.   **Grievance Procedure**

The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley, 997 F.2d at 495.

### C.   **Right to Marry**

While prisoners retain the right to marry, the right "is subject to substantial restrictions as a result of incarceration." Turner v. Safely, 482 U.S. 78, 95, 107 S. Ct. 2254, 2265 (1987); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002).  Prison regulations impacting the right to marry must

be  reasonably related to a legitimate penological interest.  Turner, 482 U.S. at 89-90, 107 S. Ct. at 2262.

While Plaintiff alleges that the visiting restriction creates a legal obstacle that is preventing him from remarrying his ex-wife, he fails to set forth sufficient allegations to show why the visiting restriction is prohibiting him from marrying.  See Cal. Fam. Code § 502.  Nor has Plaintiff shown that any named defendant personally participated in denying him the right to remarry.  Jones, 297 F.3d at 934.  Plaintiff's conclusory allegation that he is being denied the right to marry is insufficient to state a cognizable claim.

**IV.  Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   __January 1, 2012__          _____/s/ **Barbara A. McAuliffe**_____
                                                      UNITED STATES MAGISTRATE JUDGE